IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Main Street America Assurance Company, | ) | C/A No. 3:20-4172-MGL-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Toddrick Jenkins; Jenkins Masonry and Contracting, LLC; Mohan Kumar; Sreedevi Mohankumar, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

Plaintiff Main Street America Assurance Company filed this declaratory judgment action arising out of an insurance policy between Plaintiff and Defendants Toddrick Jenkins and Jenkins Masonry Contracting, LLC.  This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for resolution of various pending motions.  (ECF Nos. 34, 38, & 42.)

**I.     Procedural History**

Plaintiff filed this declaratory judgment action on December 1, 2020.  The Complaint indicates that Defendants Mohan Kumar and Sreedevi Mohankumar sued Jenkins and Jenkins Masonry Contracting in the Richland County Court of Common Pleas for alleged defects in landscape and construction work on the property of Kumar and Mohankumar.  Jenkins has a commercial general liability policy with Plaintiff.  In this case, Plaintiff seeks a declaratory judgment that it has no duty to defend Jenkins in the underlying state court lawsuit.

Kumar and Mohankumar were served and filed an answer, and the court issued a conference and scheduling order and mediation order on December 23, 2020.  However, pursuant to a consent motion by Plaintiff and Kumar and Mohankumar, the court stayed the scheduling

order on January 28, 2021 to allow Plaintiff to serve Jenkins and Jenkins Masonry and Contracting. (ECF Nos. 13 & 14.)

Jenkins was served and, proceeding *pro se*, he filed on February 19, 2021 a purported answer on behalf of himself and Jenkins Masonry and Contracting. (ECF No. 17.) By order dated March 3, 2021, the court directed Jenkins Masonry and Contracting to obtain counsel within twenty-eight days or risk being held in default because *pro se* litigants cannot represent corporate parties.[1] (ECF No. 22.) The court also directed Jenkins to complete answers to the court's interrogatories pursuant to Local Civil rule 26.01. To date, no counsel for Jenkins Masonry and Contracting has appeared and Jenkins has not filed answers to the court interrogatories.

On March 31, 2021, Plaintiff filed a motion for judgment on the pleadings, arguing that, based on Kumar and Mohankumar's state court complaint, Plaintiff has no duty to defend Jenkins in the state court lawsuit. (ECF No. 30.) Kumar and Mohankumar filed a motion for an extension of time to file a response to Plaintiff's motion for judgment on the pleadings. (ECF No. 38.) Kumar and Mohankumar argue that because they have been unable to depose Jenkins in their state court lawsuit, Plaintiff's motion is premature because the deposition of Jenkins may provide information that would require them to amend their state court pleading, which may affect whether Jenkin's insurance policy provides coverage. (Id.)

On April 7, 2021, Plaintiff filed a motion to strike Jenkins's answer pursuant to Federal Rule of Civil Procedure 12(f), arguing that it is an insufficient defense and fails to comply with the Federal Rules of Civil Procedure. (ECF No. 34.) Plaintiff also argues in the motion that Jenkins Masonry and Contracting should be held in default because it has not obtained counsel.

---

[1] Jenkins Masonry and Contracting was later served on March 8. (ECF No. 26.)

On May 6, 2021, Kumar and Mohankumar filed a motion to stay this matter until the deposition of Jenkins and a Rule 30(b)(6) deposition of Jenkins Masonry and Contracting can be taken in the underlying state court lawsuit. They indicate that Jenkins is currently under criminal investigation—apparently related to Jenkins's work for Kumar and Mohankumar—and the state court stayed Jenkins' deposition for six months on April 27, 2021. (ECF No. 42-3 at 1.) Kumar and Mohankumar argue that they need to depose Jenkins to determine the extent of his work, which may require them to amend their state court complaint, and consequently, affect whether Plaintiff has a duty to provide coverage—the ultimate issue in this case. Plaintiff opposes the motion to stay, arguing that the motion for judgment on the pleadings should be decided based on the allegations in the state court complaint, which dictate whether the policy provides coverage. (ECF No. 44.) Plaintiff also argues that Kumar and Mohankumar have alternative means of obtaining evidence from Jenkins.

**II.     Kumar and Mohankumar's Motion to Stay**

The court has the inherent power to stay proceedings in the interest of judicial economy, but the court must weigh competing interests and maintain an even balance. See Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936). The court should balance the various factors relevant to the expeditious and comprehensive disposition of matters on the court's docket. United States v. Georgia Pac. Corp., 562 F.2d 294, 296 (4th Cir. 1977). The party seeking the stay must show clear and convincing circumstances that outweigh the potential harm to the other parties. Williford v. Armstrong World Indus., Inc., 715 F.2d 124, 127 (4th Cir. 1983).

Here, Kumar and Mohankumar have not demonstrated that a stay is warranted. They argue that Jenkins's eventual deposition may allow them to amend their state court complaint to invoke coverage by Plaintiff. But they fail to articulate what harm would result if the court proceeded

with this case and addressed Plaintiff's motion for judgment on the pleadings with respect to whether coverage is triggered based on the existing complaint. Assuming without deciding that Plaintiff is entitled to a declaratory judgment that it has no duty to defend Jenkins in the underlying state court lawsuit, Plaintiff has a legitimate interest in the efficient disposition of this case to avoid defending Jenkins while the state court case awaits resolution of Jenkins's criminal case. Plaintiff would be prejudiced if it had to indefinitely provide coverage for Jenkins based on a complaint that allegedly does not invoke coverage under the policy. On the other hand, Kumar and Mohankumar have not articulated what harm would result if, after conducting depositions in the underlying lawsuit, they were able to amend their complaint to include a claim covered by the policy. Kumar and Mohankumar have failed to articulate how any declaratory judgment finding that Plaintiff has no duty to defend Jenkins based on Kumar and Mohankumar's current state court complaint would prevent Kumar and Mohankumar from invoking coverage on an amended pleading, if one is warranted in the future. Additionally, Kumar and Mohankumar's assertion that they may uncover facts in the state court depositions that would invoke coverage is speculative. Thus, balancing the interests of the parties, the court finds Plaintiff has a strong interest in the efficient resolution of this declaratory judgment action, and Kumar and Mohankumar have not demonstrated that any harm would result by the court's prompt resolution of this matter. Georgia Pac. Corp., 562 F.2d at 296; Williford, 715 F.2d at 127. Accordingly, the motion to stay is denied. (ECF No. 42.)

### III.    Motion for Judgment on the Pleadings

In light of the court' disposition of the motion to stay, Kumar and Mohankumar's motion for an extension of time to respond to Plaintiff's motion for judgment on the pleadings, which was unopposed, is granted for good cause shown. (ECF No. 38.) **Kumar, Mohankumar, and Jenkins**

**are hereby granted twenty-one (21) days to file a response in opposition to Plaintiff's motion for judgment on the pleadings.**

### IV.    Plaintiff's Motion to Strike

Under Federal Rules of Civil Procedure, the court may strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" from the pleadings.  Fed. R. Civ. P. 12(f).  The purpose of Rule 12(f) motions to strike is to reinforce the requirements of Rule 8 that pleadings be simple, concise, and direct; its purpose is not to secure dismissal of all or part of claims.  5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1380 (3d ed. 2021).  Striking a party's pleading is an extreme measure that is viewed with disfavor.  Cty. of Dorchester, S.C. v. AT&T Corp., 407 F. Supp. 3d 561, 568 (D.S.C. 2019) (quoting Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000)).  Accordingly, the motion should only be granted if the movant can show that it would be prejudiced by the allegation's presence in the pleading.  See Hardy v. Lewis Gale Med. Ctr., LLC, 377 F. Supp. 3d 596, 605 (W.D. Va. 2019); 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1380 (3d ed. 2021).

Plaintiff's motion to strike Jenkins's answer is denied.  (ECF No. 34.)  In light of Jenkins's *pro se* status and the extreme nature of striking a pleading, especially an entire pleading, the court finds that the defenses in Jenkins's answer are not "insufficient" under Rule 12(f).  Importantly, Plaintiff fails to articulate how it would be prejudiced by Jenkins's pleading.

### V.    Jenkins Masonry and Contracting

Plaintiff asks the court to hold Jenkins Masonry and Contracting in default because it has not filed an answer or otherwise appeared via counsel, as required by the court's order.  (ECF No. 34.)  The court agrees that entry of default is proper based on Jenkins Masonry and Contracting's failure to plead or otherwise defend.  See Fed. R. Civ. P. 55(a).  Jenkins Masonry and Contracting

was apparently served on March 8, 2021. (ECF No. 26.) Jenkins attempted to appear on its behalf but the court provided Jenkins Masonry and Contracting the opportunity to obtain counsel in accordance with applicable law. (ECF No. 22.) As the time to obtain counsel and file an answer has passed, the Clerk of Court is directed to enter default against Jenkins Masonry and Contracting.

## VI.     Jenkins's Answer to the Court's Interrogatories

Jenkins failed to comply with the court's March 3 order directing that he submit answers to the court's interrogatories. **Jenkins is directed to submit fully completed and signed answers to the court's interrogatories** pursuant to Local Civil Rule 26.01 (D.S.C.), which are attached to this order, within **twenty-one (21) days** from the date this order is entered (plus three days for mail time). Failure to comply with this order may result in sanctions, including being held in default for failure to comply with an order of the court.

**IT IS SO ORDERED**.

June 4, 2021
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE