

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| MAIN STREET AMERICA ASSURANCE COMPANY, § § | |
| Plaintiff § | |
| vs. § | CIVIL ACTION NO. 3:20-4172-MGL |
| § | |
| TODDRICK JENKINS; JENKINS MASONRY AND CONTRACTING, LLC; MOHAN KUMAR; and SREEDEVI MOHANKUMAR, § § § | |
| Defendants. § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiff Main Street America Assurance Company (MSAAC) filed a declaratory judgment action against the above-named defendants. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting MSAAC's motion for judgment on the pleadings be granted, and that the Curt declare that, under the terms of the policy at issue here, MSAAC has no duty to defend Defendant Toddrick Jenkins (Jenkins) in the underlying state court lawsuit. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on July 14, 2021, but no objections were filed.. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

Therefore, after a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court, adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court MSAAC's motion for judgment on the pleadings is **GRANTED**. Further, it is **DECLARED** that, under the terms of the policy at issue here, MSAAC has no duty to defend Jenkins in the underlying state court lawsuit.

As the Magistrate Judge notes in the Report, "[t]he parties do not address the issue, but the Policy names [Jenkins] as the insured business, rather than Jenkins Masonry[.]" Report at 2 n.2. Thus, inasmuch as Jenkins Masonry appears to be an improperly named defendant, the Clerk of Court shall terminate it from this lawsuit.

**IT IS SO ORDERED**.

Signed this 29th day of November, 2021, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to the Federal Rules of Appellate Procedure.